■ ALBERT MODELL, Respondent, v HYSTER COMPANY, Respondent, et al., Defendant, and NORTHEAST STEVEDORING CO., INC., Appellant. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, defendant Northeast Stevedoring Co., Inc., appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Ryan, J.), entered December 28, 1981, as, after a jury trial on the issue of liability only, was in favor of plaintiff and against it. Interlocutory judgment reversed insofar as appealed from, on the facts, without costs or disbursements, and as between plaintiff and defendant Northeast Stevedoring Co., Inc., action severed and new trial granted. Plaintiff seeks damages for injuries he incurred on June 18, 1975 when a crane being maneuvered by a fellow employee toppled over onto plaintiff. As a result of the accident plaintiff sued, *inter alia*, Northeast Stevedoring Co., Inc. (hereafter defendant), the owner of the crane. Various theories of liability were charged to the jury by the Trial Judge regarding defendant's alleged negligence. The jury returned a general verdict in favor of plaintiff. We find that the verdict is against the weight of the evidence as to any of the theories submitted in the charge to the jury. Accordingly, a new trial is required as to the defendant (see *Ryan v City of New York*, 83 AD2d 574). We recommend that at the second trial the jury be requested to return a special verdict (see CPLR 4111, subd [b]; *Ryan v City of New York, supra*). Thompson, J. P., O'Connor, Weinstein and Bracken, JJ., concur.